## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KAREN DELGADO,

     Plaintiff,                             CASE No.:  8:24-cv-01960

v.

TOTAL COMMUNITY CARE, LLC
d/b/a InnovAge Florida PACE,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KAREN DELGADO, (hereinafter "Plaintiff" or "Ms. Delgado"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, TOTAL COMMUNITY CARE, LLC d/b/a InnovAge Florida PACE (hereinafter "Defendant" or "Innovage"), and alleges:

## JURISDICTION AND VENUE

1.     This is an action for damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnant Workers Fairness Act ("PWFA"), the Pregnancy Discrimination Act ("PDA"), and the Florida Civil Rights Act ("FCRA").

2.     In this civil action Plaintiff has also brought claims against her former employer for monetary damages, declaratory relief, and for other equitable relief pursuant to Title VII, the PWFA, the PDA, and the FCRA § 760.01, et al.

3.      This Court has jurisdiction over Plaintiff's Title VII, PWFA, and PDA claims under 28 U.S.C. §§ 1331 and 1343.

4.      This Court has supplemental jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367.

5.      Venue is appropriate in the Middle District of Florida because the events giving rise to the cause of action occurred in Hillsborough County, Florida.

**PARTIES**

6.      Plaintiff, KAREN DELGADO, is a resident of Hillsborough County, Florida.

7.      Defendant, TOTAL COMMUNITY CARE, LLC, is a Limited Liability Company, principally located at 8950 E. Lowry Boulevard, Denver, Colorado 80230. However, Defendant operates a facility located at 4520 Seedling Circle, Tampa, Florida 33614.

**ADMINISTRATIVE PREREQUISITES**

8.      Ms. Delgado has satisfied all prerequisites necessary to bring this cause of action.

**GENERAL ALLEGATIONS**

9.      On July 5, 2023, Innovage hired Ms. Delgado as a Front Desk Receptionist. Shortly after she was hired, Ms. Delgado told Shauna Horn (Area Center Director – Non-pregnant female) that she was pregnant.

2

10. As part of her duties, Ms. Delgado was tasked with answering phones, scheduling, safety and security details, handling mail and packaging, assigning badges to vendors, and giving access to vendors.

11. In and around August 2023, Ms. Delgado began suffering from swelling and inflammation in her feet due to her pregnancy.

12. Consequently, Ms. Delgado asked Ms. Horn for work accommodations to allow her to rest her feet on a stool during work, wear more comfortable attire like sandals, be able to drink or eat at her station, and use the restroom as needed. In response, Ms. Horn informed Ms. Delgado to ask HR about the requested accommodation.

13. When Ms. Delgado asked the HR department for this accommodation, HR told her to ask Larkin (the third-party vendor that handles leave of absences). Ms. Delgado then asked Larkin about this accommodation, and Larkin informed her that the company does not handle accommodation requests.

14. Ms. Delgado again confronted Innovage about this discrepancy, but she did not receive a response. Innovage ignored Ms. Delgado's accommodation requests despite her repeated efforts to obtain a reasonable accommodation.

15. On September 6, 2023, Ms. Horn issued Ms. Delgado a verbal warning for a dress code infraction for wearing sandals. Meanwhile, Terese (Recreation Therapist – Non-pregnant employee) frequently wore sandals without reprimand.

16. Ms. Horn also issued Ms. Delgado a verbal warning for eating and drinking at her desk.

17. On October 12, 2023, Ms. Delgado emailed Ms. Horn stating that since she was seven months pregnant her Obstetrician wanted to see her every two weeks. Ms. Delgado also asked Ms. Horn about her labor leave and the procedure that she needed to follow to obtain such leave. Ms. Horn never responded to Ms. Delgado's email.

18. On October 13, 2023, HR called Ms. Delgado into a Microsoft Teams Meeting. Ms. Delgado thought HR wanted to discuss her labor leave and related protocols. To Ms. Delgado's surprise, Stephanie Colomer (Senior HR Business Partner – Non-pregnant female) wrote Ms. Delgado up for past incidents that had occurred in August 2023 even though she had been issued a verbal warning for these events when they occurred. Ms. Colomer didn't show Ms. Delgado the allegations stated in the writeup and forced her to sign the document electronically.

19. On October 16, 2023, Ms. Horn called Ms. Delgado into her office and falsely accused her of allowing a vendor to enter the building without permission. Ms. Horn yelled at Ms. Delgado and called her "inept" and "incompetent" for the position. When Ms. Delgado attempted to explain that the vendor had been cleared before entering, Ms. Horn talked loudly over her and shouted at her to "Shut up!"

4

20.    On the same day when Ms. Horn interviewed a new candidate for an open position, she pointed at Ms. Delgado, laughed, and said, "This is the one we're trying to get rid of."

21.    Later that day, Ms. Delgado complained to HR about Mr. Horn's discriminatory treatment which had increased when she had asked about labor leave on October 12, 2023.

22.    The following day, on October 17, 2023, Ms. Horn called Ms. Delgado into her office to discuss the complaint she had made with HR. Ms. Horn again yelled at Ms. Delgado stating, "I'm not going to be threatened by you," indicating that Ms. Delgado should not have made her complaint to HR. Moreover, Ms. Horn gave Ms. Delgado a book titled "The No Complaining Rule: Positive Ways to Deal with Negativity at Work," suggesting that she would be fired if she made any further complaints of discrimination to HR.

23.    On October 25, 2023, Ms. Delgado again asked for a reasonable accommodation related to her pregnancy and submitted medical documentation in support of her accommodation request.

24.    Ms. Delgado's accommodation request outlined her need to take fifteen-minute breaks every two hours to stretch, stand, and hydrate, wear more comfortable attire like sandals at work, drink and eat at her station, and use the restroom as needed.

25. Again, the HR Department stated that Innovage could not accommodate her until she submitted this request to Larkin.

26. When Ms. Delgado forwarded HR an email from Larkin stating that Larkin had nothing to do with granting work accommodations, Innovage finally granted her work accommodations after months of repeated requests and waiting. In reality, Innovage only tentatively granted Ms. Delgado's accommodation subject to further evaluation, which meant that Ms. Delgado was still not allowed to eat or drink at her desk.

27. On October 27, 2023, Ms. Delgado complained to Patrick Blair (CEO) about instances of discrimination and the hostile work environment she had experienced at the hands of Ms. Horn.

28. After Ms. Delgado's complaint, Ms. Horn's treatment of her got exponentially worse. Ms. Horn took away Ms. Delgado's tasks, such as her access to submit work orders and assign badges to vendors. In doing this, Ms. Horn effectively demoted Ms. Delgado. Instead, Ms. Horn gave Ms. Delgado random projects, outside her job description, with unreasonable deadlines.

29. On December 12, 2023, Ms. Delgado filed a charge with the EEOC reporting unlawful discrimination against Innovage based on her gender, pregnancy, and disability.

30.    On December 18, 2023, after learning about Ms. Delgado's EEOC Chage, Innovage finally approved Ms. Delgado's labor leave despite her repeated inquiries about the leave and unreasonable delays.

31.    The following day, on December 19, 2023, Ms. Delgado gave birth to her baby.

32.    Ms. Delgado stayed out on labor leave until February 8, 2024.

33.    In and around March 2024, Inmarie LNU (Non-Pregnant Coworker) asked Ms. Delgado if she was "the horrible worker with the Gucci sandals" that Terese had told her about.

34.    Furthermore, Ms. Delgado had learned that Ms. Horn had given her prior position's duties and tasks to Samantha LNU (Non-Pregnant Coworker) who had no prior experience in the role. Ms. Horn also continued to block Ms. Delgado from participating in training sessions necessary for promotions.

35.    On Friday, May 10, 2024, Ms. Delgado got upset because Terese kept taking her personal belongings from her desk and hiding them in an effort to harass her. Ms. Delgado told Terese to stop harassing her and that she would complain if Terese continued to take her stuff. On the same day, Ms. Delgado was sent home early because she had told Terese to stop harassing her.

36.    On Monday, May 13, 2024, Ms. Delgado returned to work, but Innovage deactivated her entry badge, preventing her from entering the building.

7

37.    On Tuesday, May 14, 2024, Innovage terminated Ms. Delgado from her position.

38.    Ms. Delgado has incurred attorney's fees and costs in bringing this lawsuit.

## COUNT I
**Violation of Title VII and the PDA
For Discrimination Resulting in
A Hostile Work Environment Based on
Gender and Pregnancy**

39.    Plaintiff, KAREN DELGADO, re-alleges and incorporates the allegations set forth in paragraphs one (1) through thirty-eight (38) above as if set forth fully herein.

40.    Defendant was an "employer" within the meaning of Title VII and the PDA.

41.    Ms. Delgado was an "employee" of Defendant within the meaning of Title VII and the PDA.

42.    Ms. Delgado is a member of a protected class because of her gender and pregnancy, and therefore, is protected by Title VII and the PDA.

43.    Ms. Delgado was qualified for her position.

44.    Ms. Delgado's non-pregnant peers targeted and harassed her because of her pregnancy.

8

45. Specifically, Ms. Horn screamed at Ms. Delgado, referred to her as "inept" or "incompetent", bullied her in front of her coworkers, and allowed non-pregnant similarly situated employees to wear sandals at the office while disciplining Ms. Delgado when she did the same.

46. The discriminatory statements and conduct stated herein were so severe and/or pervasive it caused Ms. Delgado to perceive her work environment as intimidating, hostile, and offensive, which detrimentally interfered with Ms. Delgado's ability to perform her job duties.

47. Defendant's actions in subjecting Ms. Delgado to a hostile work environment because of her gender and pregnancy were reckless, willful, and malicious.

48. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer a loss of compensation, privileges and benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

49. Ms. Delgado has exhausted all administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in Title VII and the PDA, and prays for:

9

A.      Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.      Reasonable attorney's fees and costs;

E.      Compensatory damages;

F.      Punitive damages; and

G.      Such other relief as this Court shall deem appropriate.

### COUNT II
**Violation of Title VII and the PDA**
**For Discrimination Resulting in**
**Adverse Employment Action Based on**
**Gender and Pregnancy**

50.      Plaintiff, KAREN DELGADO, re-alleges and incorporates the allegations set forth in paragraphs one (1) through thirty-eight (38) above as if set forth fully herein.

51.      Defendant was an "employer" within the meaning of Title VII and the PDA.

52. Ms. Delgado was an "employee" of Defendant within the meaning of Title VII and the PDA.

53. Ms. Delgado is a member of a protected class because of her gender and pregnancy, and therefore, is protected by Title VII and the PDA.

54. Ms. Delgado was qualified for her position.

55. Defendant subjected Ms. Delgado to adverse employment action because of her pregnancy.

56. After October 27, 2023, Ms. Horn demoted Ms. Delgado when she took away Ms. Delgado's duties and tasks and gave them to a non-pregnant coworker.

57. In and around March 2024, Ms. Horn blocked Ms. Delgado from participating in training sessions necessary for obtaining a promotion.

58. On May 10, 2024, Defendant sent Ms. Delgado home even though a non-pregnant coworker began harassing her.

59. On May 14, 2024, Defendant terminated Ms. Delgado from her position because of her pregnancy.

60. Defendant's actions in demoting, and terminating Ms. Delgado because of her pregnancy were reckless, willful, and malicious.

61. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer a loss of compensation, privileges and benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to

11

her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

62.    Ms. Delgado has exhausted all administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in Title VII and the PDA, and prays for:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.    Reasonable attorney's fees and costs;

E.    Compensatory damages;

F.    Punitive damages; and

G.    Such other relief as this Court shall deem appropriate.

**COUNT III**
**Violation of Title VII and the PDA**
**Retaliation for Engaging in a Protected Activity**
**Resulting in a Hostile Work Environment**

63.    Plaintiff, KAREN DELGADO, re-alleges and incorporates the allegations set forth in paragraphs one (1) through thirty-eight (38) above as if set forth fully herein.

64.    Ms. Delgado is a member of a protected class and protected by Title VII and the PDA based on her pregnancy.

65.    Ms. Delgado engaged in protected activity when she repeatedly requested reasonable accommodations for her pregnancy-based disability and complained of pregnancy discrimination at the hands of non-pregnant employees.

66.    After Ms. Delgado engaged in this protected activity, Ms. Horn yelled at Ms. Delgado and called her "inept" and "incompetent", screamed at her to "shut up," told a prospective employee that Ms. Delgado was an employee that Defendant was trying to get rid of, and threatened Ms. Delgado to prevent her requesting accommodations or complaining of discrimination to HR.

67.    Ms. Delgado also engaged in protected activity when she filed a charge with the EEOC reporting unlawful discrimination against Innovage based on her gender, pregnancy, and disability.

68.    After Ms. Delgado filed her EEOC Charge, Defendant's non-pregnant co-workers referred to her as "the horrible worker with the Gucci sandals," gave her

13

position to a less qualified non-pregnant employee, blocked her from obtaining promotions, and harassed her by taking her personal belongings from her desk and hiding them.

69. The retaliatory statements and conduct stated herein were so severe and/or pervasive it caused Ms. Delgado to perceive her work environment as intimidating, hostile, and offensive, which detrimentally interfered with Ms. Delgado's ability to perform her job duties.

70. The actions of Defendant constitute a violation of Title VII in that Defendant has retaliated against Ms. Delgado for her requests for reasonable work accommodations and complaints of pregnancy-based discrimination.

71. Ms. Delgado's protected activity was a but-for cause of her hostile work environment, and resulting injury.

72. Defendant acted with intent, malice and reckless disregard for Ms. Delgado's protected rights when it subjected her to a hostile work environment because of her requests for accommodations and her complaints about pregnancy discrimination.

73. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer a loss of compensation, privileges and benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to

14

her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

74.     Ms. Delgado has exhausted all administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in Title VII and the PDA, and prays for:

A.     Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.     Reasonable attorney's fees and costs;

E.     Compensatory damages;

F.     Punitive damages, and;

G.     Such other relief as this Court shall deem appropriate.

## COUNT IV
### Violation of Title VII and the PDA
### Retaliation for Engaging in Protected Activity
### Resulting in Adverse Employment Action

75. Plaintiff, KAREN DELGADO, re-alleges and incorporates the allegations set forth in paragraphs one (1) through thirty-eight (38) above as if set forth fully herein.

76. Ms. Delgado is a member of a protected class and protected by Title VII and the PDA based on her pregnancy.

77. Ms. Delgado engaged in protected activity when she repeatedly requested reasonable accommodations for her pregnancy-based disability and complained of pregnancy discrimination at the hands of non-pregnant employees.

78. Ms. Delgado also engaged in protected activity when she filed a charge with the EEOC reporting unlawful discrimination against Innovage based on her gender, pregnancy, and disability.

79. Defendant failed to conduct an adequate investigation regarding Ms. Delgado's complaints

80. Instead, Defendant retaliated against Ms. Delgado for engaging in a protected activity by demoting and terminating her after she requested reasonable accommodations and complained about pregnancy discrimination.

81. The actions of the Defendant constitute a violation of Title VII in that the Defendant has retaliated against Ms. Delgado for her requests for

16

accommodation, and her complaints to HR that she was subjected to discrimination based on her pregnancy.

82. Ms. Delgado's protected activities were a but-for cause of her demotion, termination, and resulting injury.

83. Defendant acted with intent, malice, and reckless disregard for Ms. Delgado's protected rights when it demoted and terminated her because of her requests for reasonable work accommodations and complaints of pregnancy-based discrimination.

84. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of compensation, privileges and benefits, and mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

85. Ms. Delgado has exhausted all administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, and prays for:

A. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her

position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    C.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    D.    Reasonable attorney's fees and costs;

    E.    Compensatory damages;

    F.    Punitive damages; and

    G.    Such other relief as this Court shall deem appropriate.

**COUNT V**
**Violation of the PWFA**
**For Discrimination Resulting in**
**A Hostile Work Environment for Plaintiff's**
**Requests for Reasonable Accommodations**
**Based on Pregnancy Related Disability**

86.    Plaintiff, KAREN DELGADO, re-alleges and incorporates the allegations set forth in paragraphs one (1) through thirty-eight (38) above as if set forth fully herein.

87.    The Pregnant Workers Fairness Act, 42 U.S.C. §2000gg, et seq., requires an employer to provide a reasonable accommodation to an employee's known limitation related to or arising from the pregnancy.

88.    Defendant was an "employer" within the meaning of the PWFA.

18

89.    Ms. Delgado was an "employee" of Defendant within the meaning of the PWFA.

90.    Ms. Delgado is a member of a protected class because of her pregnancy, and therefore, is protected by the PWFA.

91.    Ms. Delgado was qualified for her position.

92.    Ms. Delgado suffered from swelling and inflammation in her feet due to her pregnancy.

93.    Defendant knew about Ms. Delgado's pregnancy related disability because Ms. Delgado asked Ms. Horn for reasonable work accommodations to allow her to rest her feet on a stool during work, wear more comfortable footwear like sandals, be able to drink or eat at her station, and use the restroom as needed.

94.    Defendant could have granted Ms. Delgado's request for accommodation without sustaining undue hardship.

95.    Instead, Ms. Delgado's non-pregnant peers targeted and harassed her because of her request for reasonable work accommodations.

96.    Specifically, Ms. Horn screamed at Ms. Delgado, referred to her as "inept" or "incompetent", bullied her in front of her coworkers, and threatened Ms. Delgado because of her request for reasonable work accommodations.

97.    The discriminatory statements and conduct stated herein were so severe and/or pervasive it caused Ms. Delgado to perceive her work environment as

intimidating, hostile, and offensive, which detrimentally interfered with Ms. Delgado's ability to perform her job duties.

98.    Defendant's actions in subjecting Ms. Delgado to a hostile work environment because of her requests for accommodations were reckless, willful, and malicious.

99.    As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer a loss of compensation, privileges and benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

100.    Ms. Delgado has exhausted all administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in the PWFA, and prays for:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

20

C.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.      Reasonable attorney's fees and costs;

E.      Compensatory damages;

F.      Punitive damages; and

G.      Such other relief as this Court shall deem appropriate.

**COUNT VI**
**Violation of the PWFA**
**For Discrimination Resulting in**
**Adverse Employment Action because of**
**Plaintiff's Requests for Reasonable Accommodations**

101.    Plaintiff, KAREN DELGADO, re-alleges and incorporates the allegations set forth in paragraphs one (1) through thirty-eight (38) above as if set forth fully herein.

102.    Defendant was an "employer" within the meaning of the PWFA.

103.    Ms. Delgado was an "employee" of Defendant within the meaning of the PWFA.

104.    Ms. Delgado is a member of a protected class because of her pregnancy, and therefore, is protected by the PWFA.

105.    Ms. Delgado was qualified for her position.

106. Defendant subjected Ms. Delgado to adverse employment action because of her repeated requests for accommodations based on her pregnancy related disability.

107. After October 27, 2023, Ms. Horn demoted Ms. Delgado when she took away Ms. Delgado's duties and tasks and gave them to a non-pregnant coworker.

108. In and around March 2024, Ms. Horn blocked Ms. Delgado from participating in training sessions necessary for obtaining a promotion.

109. On May 10, 2024, Defendant sent Ms. Delgado home even though a non-pregnant coworker began harassing her.

110. On May 14, 2024, Defendant terminated Ms. Delgado in retaliation for requesting accommodations and for filing an EEOC Charge.

111. Defendant's actions in demoting and terminating Ms. Delgado because of her requests for accommodations were reckless, willful, and malicious.

112. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer a loss of compensation, privileges and benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

113. Ms. Delgado has exhausted all administrative remedies and this count is timely brought.

22

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in the PWFA, and prays for:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.    Reasonable attorney's fees and costs;

E.    Compensatory damages;

F.    Punitive damages; and

G.    Such other relief as this Court shall deem appropriate.

**COUNT VII**
**Violation of the PWFA**
**Retaliation for Engaging in Protected Activity**
**Resulting in Hostile Work Environment**

114. Plaintiff, KAREN DELGADO, re-alleges and incorporates the allegations set forth in paragraphs one (1) through thirty-eight (38) above as if set forth fully herein.

23

115.   Ms. Delgado is a member of a protected class because of her pregnancy, and therefore, is protected by the PWFA.

116.   Ms. Delgado engaged in protected activity under the PWFA when she repeatedly requested reasonable accommodations for her pregnancy-based disability.

117.   After Ms. Delgado engaged in this protected activity, Ms. Horn yelled at Ms. Delgado and called her "inept" and "incompetent", screamed at her to "shut up," told a prospective employee that Ms. Delgado was an employee that Defendant was trying to get rid of, and threatened Ms. Delgado to prevent her from requesting accommodations.

118.   Ms. Delgado also engaged in protected activity when she filed a charge with the EEOC reporting unlawful discrimination against Innovage based on her gender, pregnancy, and disability.

119.   After Ms. Delgado filed her EEOC Charge, Defendant's non-pregnant co-workers referred to her as "the horrible worker with the Gucci sandals," gave her position to a less qualified non-pregnant employee, blocked her from obtaining promotions, and harassed her by taking her personal belongings from her desk and hiding them.

120.   The retaliatory statements and conduct stated herein were so severe and/or pervasive it caused Ms. Delgado to perceive her work environment as

intimidating, hostile, and offensive, which detrimentally interfered with Ms. Delgado's ability to perform her job duties.

121. The actions of Defendant constitute a violation of the PWFA in that Defendant has retaliated against Ms. Delgado for her requests for reasonable work accommodations, and filing a charge with the EEOC.

122. Ms. Delgado's protected activity was a but-for cause of her hostile work environment, and resulting injury.

123. Defendant acted with intent, malice and reckless disregard for Ms. Delgado's protected rights when it subjected her to a hostile work environment because of her requests for reasonable accommodations.

124. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer a loss of compensation, privileges and benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

125. Ms. Delgado has exhausted all administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in the PWFA, and prays for:

25

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.    Reasonable attorney's fees and costs;

E.    Compensatory damages;

F.    Punitive damages; and

G.    Such other relief as this Court shall deem appropriate.

**COUNT VIII**
**Violation of the PWFA**
**Retaliation for Engaging in Protected Activity**
**Resulting in Adverse Employment Action**

126.    Plaintiff, KAREN DELGADO, re-alleges and incorporates the allegations set forth in paragraphs one (1) through thirty-eight (38) above as if set forth fully herein.

127.    Ms. Delgado is a member of a protected class and protected by the PWFA based on her pregnancy.

26

128. Ms. Delgado engaged in protected activity when she repeatedly requested reasonable accommodations for her pregnancy-based disability.

129. Ms. Delgado also engaged in protected activity when she filed a charge with the EEOC reporting unlawful discrimination against Innovage based on her gender, pregnancy, and disability.

130. Defendant failed to conduct an adequate investigation regarding Ms. Delgado's complaints

131. Instead, Defendant retaliated against Ms. Delgado for engaging in a protected activity by demoting her after she requested reasonable accommodations and terminating her after she filed an EEOC Charge.

132. The actions of the Defendant constitute a violation of the PWFA in that the Defendant has retaliated against Ms. Delgado for her requests for accommodation based on her pregnancy.

133. Ms. Delgado's protected activities were a but-for cause of her demotion, and resulting injury.

134. Defendant acted with intent, malice and reckless disregard for Ms. Delgado's protected rights when it demoted and terminated her because of her requests for reasonable accommodations.

135. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of compensation, privileges and benefits,

mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

136. Ms. Delgado has exhausted all administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in the PWFA, and prays for:

A. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D. Reasonable attorney's fees and costs;

E. Compensatory damages;

F. Punitive damages; and

G. Such other relief as this Court shall deem appropriate.

**COUNT IX**
**Violation of the FCRA**
**For Discrimination Resulting in**
**A Hostile Work Environment Based on**
**Gender and Pregnancy**

137. Plaintiff, KAREN DELGADO, re-alleges and incorporates the allegations set forth in paragraphs one (1) through thirty-eight (38) above as if set forth fully herein.

138. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq*. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's gender and pregnancy.

139. Defendant was an "employer" within the meaning of the FCRA.

140. Ms. Delgado was an "employee" of Defendant within the meaning of the FCRA.

141. Ms. Delgado is a member of a protected class because of her gender and pregnancy, and therefore, is protected by the FCRA.

142. Plaintiff has satisfied all procedural and administrative requirements set forth in the Florida Civil Rights Act, Section 760.01, *et seq*. Florida Statutes.

143. Ms. Delgado was qualified for her position.

144. Ms. Delgado's non-pregnant peers targeted and harassed her because of her pregnancy.

29

145. Specifically, Ms. Horn screamed at Ms. Delgado, referred to her as "inept" or "incompetent", bullied her in front of her coworkers, and allowed non-pregnant similarly situated employees to wear sandals at the office while disciplining Ms. Delgado when she did the same.

146. The discriminatory statements and conduct stated herein were so severe and/or pervasive it caused Ms. Delgado to perceive her work environment as intimidating, hostile, and offensive, which detrimentally interfered with Ms. Delgado's ability to perform her job duties.

147. Defendant's actions in subjecting Ms. Delgado to a hostile work environment because of her gender and pregnancy were reckless, willful, and malicious.

148. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer a loss of compensation, privileges and benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in the FCRA, and prays for:

A. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position

with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.      Reasonable attorney's fees and costs;

E.      Compensatory damages;

F.      Punitive damages; and

G.      Such other relief as this Court shall deem appropriate.

**COUNT X**
**Violation of the FCRA**
**For Discrimination Resulting in**
**Adverse Employment Action Based on**
**Gender and Pregnancy**

149.    Plaintiff, KAREN DELGADO, re-alleges and incorporates the allegations set forth in paragraphs one (1) through thirty-eight (38) above as if set forth fully herein.

150.    The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq.* ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

151.    Defendant was an "employer" within the meaning of the FCRA.

31

152. Ms. Delgado was an "employee" of Defendant within the meaning of the FCRA.

153. Ms. Delgado is a member of a protected class because of her gender and pregnancy, and therefore, is protected by the FCRA.

154. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

155. Ms. Delgado was qualified for her position.

156. Defendant subjected Ms. Delgado to adverse employment action because of her pregnancy.

157. After October 27, 2023, Ms. Horn demoted Ms. Delgado when she took away Ms. Delgado's duties and tasks and gave them to a non-pregnant coworker.

158. In and around March 2024, Ms. Horn blocked Ms. Delgado from participating in training sessions necessary for obtaining a promotion.

159. On May 10, 2024, Defendant sent Ms. Delgado home even though a non-pregnant coworker began harassing her.

160. On May 14, 2024, Defendant terminated Ms. Delgado from her position because of her pregnancy.

161. Defendant's actions in demoting, and terminating Ms. Delgado because of her pregnancy were reckless, willful, and malicious.

32

162. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer a loss of compensation, privileges and benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

163. Ms. Delgado has exhausted all administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in the FCRA, and prays for:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.    Reasonable attorney's fees and costs;

E.    Compensatory damages;

F.    Punitive damages; and

33

G.    Such other relief as this Court shall deem appropriate.

**COUNT XI**
**Violation of the FCRA**
**Retaliation for Engaging in a Protected Activity**
**Resulting in a Hostile Work Environment**

164.  Plaintiff, KAREN DELGADO, re-alleges and incorporates the allegations set forth in paragraphs one (1) through thirty-eight (38) above as if set forth fully herein.

165.  Ms. Delgado is a member of a protected class and protected by the FCRA based on her pregnancy.

166.  Ms. Delgado engaged in protected activity when she repeatedly requested reasonable accommodations for her pregnancy-based disability and complained of pregnancy discrimination at the hands of non-pregnant employees.

167.   After Ms. Delgado engaged in this protected activity, Ms. Horn yelled at Ms. Delgado and called her "inept" and "incompetent", screamed at her to "shut up," told a prospective employee that Ms. Delgado was an employee that Defendant was trying to get rid of, and threatened Ms. Delgado to prevent her requesting accommodations or complaining of discrimination to HR.

168.   Ms. Delgado also engaged in protected activity when she filed a charge with the EEOC reporting unlawful discrimination against Innovage based on her gender, pregnancy, and disability.

169.    After Ms. Delgado filed her EEOC Charge, Defendant's non-pregnant co-workers referred to her as "the horrible worker with the Gucci sandals," gave her position to a less qualified non-pregnant employee, blocked her from obtaining promotions, and harassed her by taking her personal belongings from her desk and hiding them.

170.    The retaliatory statements and conduct stated herein were so severe and/or pervasive it caused Ms. Delgado to perceive her work environment as intimidating, hostile, and offensive, which detrimentally interfered with Ms. Delgado's ability to perform her job duties.

171.    The actions of Defendant constitute a violation of the FCRA in that Defendant has retaliated against Ms. Delgado for her requests for reasonable work accommodations and complaints of pregnancy-based discrimination.

172.    Ms. Delgado's protected activity was a but-for cause of her hostile work environment, and resulting injury.

173.    Defendant acted with intent, malice and reckless disregard for Ms. Delgado's protected rights when it subjected her to a hostile work environment because of her requests for accommodations and her complaints about pregnancy discrimination.

174.    As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer a loss of compensation, privileges and benefits,

mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

175. Ms. Delgado has exhausted all administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in the FCRA, and prays for:

A. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D. Reasonable attorney's fees and costs;

E. Compensatory damages;

F. Punitive damages, and;

G. Such other relief as this Court shall deem appropriate.

## COUNT XII
### Violation of the FCRA
### Retaliation for Engaging in Protected Activity
### Resulting in Adverse Employment Action

176. Plaintiff, KAREN DELGADO, re-alleges and incorporates the allegations set forth in paragraphs one (1) through thirty-eight (38) above as if set forth fully herein.

177. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et al.* ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in a protected activity.

178. Ms. Delgado is a member of a protected class and protected by the FCRA based on her pregnancy.

179. Ms. Delgado engaged in protected activity when she repeatedly requested reasonable accommodations for her pregnancy-based disability and complained of pregnancy discrimination at the hands of non-pregnant employees.

180. Ms. Delgado also engaged in protected activity when she filed a charge with the EEOC reporting unlawful discrimination against Innovage based on her gender, pregnancy, and disability.

181. Defendant failed to conduct an adequate investigation regarding Ms. Delgado's complaints

182. Instead, Defendant retaliated against Ms. Delgado for engaging in a protected activity by demoting and terminating her after she requested reasonable accommodations and complained about pregnancy discrimination.

183. The actions of the Defendant constitute a violation of the FCRA in that the Defendant has retaliated against Ms. Delgado for her requests for accommodation, and her complaints to HR that she was subjected to discrimination based on her pregnancy.

184. Ms. Delgado's protected activities were a but-for cause of her demotion, termination, and resulting injury.

185. Defendant acted with intent, malice, and reckless disregard for Ms. Delgado's protected rights when it demoted and terminated her because of her requests for reasonable work accommodations and complaints of pregnancy-based discrimination.

186. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer a loss of compensation, privileges and benefits, mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

187. Ms. Delgado has exhausted all administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court, as provided in the FCRA, and prays for:

A.      Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.      Reasonable attorney's fees and costs;

E.      Compensatory damages;

F.      Punitive damages; and

G.      Such other relief as this Court shall deem appropriate.

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated this 20th day of August, 2024.

_/s/ Gary L Printy, Jr, Esq_
Gary L. Printy, Jr.T
Florida Bar No. 41956
**THE PRINTY LAW FIRM**
5407 N Florida Avenue

39

Tampa, Florida 33604
Telephone (813) 434-0649
Fax (813) 423-6543
garyjr@printylawfirm.com
*Lead Counsel for Plaintiff*